Peck, J.
delivered the opinion of the court. The principal question presented for the determination of this court, is, whether a mere deposite of notice in the post-office in the town of Nashville, the endorser residing within seven and one fourth miles, and no post-office nearer such endorser, his residence known to the plaintiff’s agent, and such endorser but seldom visiting Nashville, is such diligence on the part of the plaintiff, as fixes the liability of the defendant? To establish this liability, it is a condition precedent on the part of the holder, that the endorser shall have notice of the non-acceptance, or non-payment of the bill; and the reason given, why such notice shall be afforded, is, that the drawer or endorser, may have the earliest opportunity of resorting to the person liable to him or them; for indemnity, means of conveyance have been sought after, which, in their nature, were best calculated to effectuate that end. *187 .And this resort, in general, in the most commercial contracts, has been to the mail, because of the speed and certainty of transmission; and the law having a view to the object to give the earliest notice,, has held that transmission by a private hand, being later in its arrival than the mail, would have been insufficient to fix the liability.
But still it is not indispensible, that the notice should be delivered, if the party has given such evidence as shows he has used due diligence — whether his resort has been to the mail, by a vessel sailing to foreign ports, where the endorser is believed to reside, a private hand, or special messenger. The whole may be summed up in this — as it is a duty on the holder to give such notice, has he observed good faith with him, to whom the duty was due? A dereliction in this particular, exonerates the endorser.
But it may not be amiss to notice some other rules applicable to this subject. If parties are so situated, that a special messenger shall become necessary, the holder may charge the endorser with the expense incurred in sending such special messenger. (Chitty on Bills 288, N. E.) And again — so particular have courts been in seeing that diligence has been used, that the limits of corporations and cities, the sphere of the penny posts and places of deposite of letters, have been narrowly examined and tested, with a view to the certainty of the means of communicating information when they may have been resorted to. (Id. 287.)
In the long train of decisions on this subject, it will be seen, that courts do not permit the party to leave' it to chance or accident to fix the liability of the endorser; but that in every case, reasonable means must be resorted to, according to the exigency of the case, and the distance of the place, intervening seas, plague in cities and the like, afford new cases, multiplying determinations, but governed by the unerring principle, that if practicable by due diligence, the endorser to be made liable, shall have notice.
Having summed up many of the principles that have been established, for the regulation of questions like the present, we come now to consider, whether a deposite of notice in the post-office, in the present case, was such dili *188 gence, and such an observance of good faith, as ought to render this endorser liable?
It may safely be remarked, that in, all the cases where the post-office is mentioned, as the mean of transmission, the terms employed, negative the idea of deposite alone. Sometimes it is said he may transmit by the mail, may send notice through the post-office, may deliver it to the penny-post, &c. By all which the idea of a transition from one place to another, is clearly intended; and I have not been able to find a solitary case to the contrary, with the exception of those where direction has been given by the party to be charged, to make deposite at a given place.
I would ask, from the evidence in this case, if it is likely that Hall, the endorser, would have received the notice sooner, by the deposite in the post-office, than by a depo-site at any other public place in town? or than if it had been delivered to a bell-man in the street, or sent by any stranger who might chance to travel in the direction of his residence? That the mail would not transmit it nearer to him, is conceded. At some public time he may have received it; but it is equally probable, that he never did. Be that as it may, the opportunity of his getting it in due time, remained wholly improbable.
Again — Barker had an agent in town, who knew the residence of the defendant; seven and one fourth miles was a short distance — it would have imposed no great hardship or expense, to have given notice by a special messenger.
Was it not more reasonable — nay, was it not a moral duty on Barker, by his agent, to have done thus little, where Hall was jeopardized so much?
It is urged by the plaintiff, that as the sum is a large one, viz. 3000 dollars, the law should be narrowly looked into, before it should be lost to the plaintiff. But this argument is equally forcible either way. The law supposes one of two must lose; and the want of vigilance in him who was to do the first act, must turn the scale.
It is further urged, that had the holder resided at a distance, say at Murfrcesborough, that then transmission by mail to Nashville in due time, would have been sufficient; *189 although after the arrival of notice at Nashville, Hall would have had no better chance to receive it earlier, than in the present instance.
That is all true, and it is because the holder' of the note has transmitted the notice, by the usual and ordinary method of conveyance; the law, therefore, deems the first act on his part sufficiently performed.
The language used in Chitiy 288,‘is applicable to this point, viz. “where there is no post, it is sufficient to send by the ordinary mode of conveyance, and where necessary and more convenient, he may send a special messenger, and charge the expense-of transmission.”
We recur to this to show, that there are cases where such necessity may exist; and in the case put, Smith's Rep. 404, Pearson vs. Crallan, the distance must have been considerable, for the charge, which was agreed not to be unreasonable, was £2 12 6, for the private messenger.
Where parties reside in the same city or place, notice must be given personally. What is meant by city or place, has been a matter of some question, though, on examina^ tion of the authorities, it is believed, that those are considered of the same place, who transact business through the same post-office — if so, it will be decision of the case before the court.
But we are not without authority upon the very question before the court. The case of the Bank of Logan vs. Butler, 3 Littell's Rep., is a case directly in point. In that case it was held, that a deposite of notice in the post-office, was not sufficient to charge the endorser, although the endorser was in the constant habit of applying at the office for his letters, three times per week. And that case is entitled to the more consideration, inasmuch as it was one of much interest, and had been reviewed, on petition, by the court of appeals of Kentucky.
We are of opinion, that the matters of law, arising upon the record, are with the defendant in error.
Another question here presents itself. The circuit court reversed the judgment given by the county court, but did not try the cause de novo, or remand it for that purpose *190 to the county court; and it is now made a question, whe-^ei, t[iere was sach a final disposition of the cause in the circuit court, as will sustain this writ of errror?
We are of opinion it was such a judgment as a writ of error may be legally prosecuted upon; because if the matters of law had been for the plaintiff in error in this court, the judgment would have been final; and it would be novel indeed, to make the right to sue out a writ of error, depend upon the decision in the cause.
Barker had the right to prosecute his writ of error from this judgment, which is ideo consideration est; if he succeeded, then we would have been compelled to give the judgment the circuit court ought to have given, which would, in that event, be an affirmance of the judgment of the county court. But now the questions of law being settled, the plaintiff in error has an election; and as we cannot order a nonsuit, he may, if be chooses, take his chance, in a new trial before the circuit court.